McALESTER-EDWARDS COAL CO. *et al* v. TRAPP,
*State Auditor, et al.*

No. 4795.   Opinion Filed June 12, 1913.

Publication Withheld Until September 24, 1913.

(134 Pac. 1198.)

Action by the McAlester-Edwards Coal Company and others against M. E. Trapp, State Auditor, and others. Judgment for defendants, and plaintiffs bring error, and move to modify an order made by the Supreme Court. Motion overruled.

*Gordon & McInnis,* for plaintiffs in error.
*Chas. West,* Atty. Gen., for defendants in error.

PER CURIAM.   On May 30, 1913, the plaintiffs in error filed a motion in this court, which is in part as follows:

"Come the appellants, McAlester Coal Company and others, and respectfully show to the court:  That heretofore motion was filed herein by appellees to require appellants to execute a supersedeas bond and advance this cause.  That this honorable court, in an opinion filed May 28, 1913, did grant said motion to advance, but did refuse to sustain said motion as to the execution by appellants of a supersedeas bond.  That in said opinion the following language is used:  'On the contrary as no supersedeas bond has been sought on the part of the plaintiffs in error, there appears to be nothing to prevent the proper officials on the part of the state from proceeding to collect these taxes pending the determination of this appeal.'  Appellants would call the attention of the court to the fact that this court in said opinion has overlooked the provision of the agreed case which is the foundation of this suit.  On page 2 of the agreed case, contained in the case-made herein, we find the following language:  'That said case is in lieu of an action in injunction brought by the plaintiffs each, respectively and separately, to restrain the defendants from do-

ing any act or performing any function required by law to be performed by them or either of them as to the enforcement of an act passed by the Legislature of the state of Oklahoma in session of 1907-08, approved May 26, 1908, entitled 'An act providing for the levy and collection of a gross revenue tax.' On page 11 of said agreed case, contained in the case-made herein, we find the following language: 'Pending the determination of which it is agreed by the parties that matters remain *in statu quo* as to the property subject to levy under warrants issued and the proceedings under the tax warrants and under the acts, and that the court may issue an order restraining the defendants herein from executing the warrants herein made until the further order of this court, except that the company shall be authorized to prosecute in the usual manner the routine business of mining and selling coal.' In pursuance of said stipulation the trial court did issue its restraining order, as shown on page 20 of the case-made herein. Further, in pursuance of said agreed case, the trial judge, as shown on page 29 of the case-made herein, did order that the injunction be continued in force until the filing of petition in error and case-made in the Supreme Court, and thereafter until same is by the Supreme Court decided."

This agreed case, or, in other words, agreed facts, is signed by the following parties:

"Stuart & Gordon, per C. B. Stuart, G. L. Andrews, Clayton & Clayton, Wright & Roberts, per Allen Wright, O. H. Kellogg, attorneys for plaintiffs. Chas. West, Attorney General of the state of Oklahoma, W. C. Reeves, Assistant Attorney General, T. R. Dean, County Attorney, Pittsburg county, attorneys for the defendants."

We quote from the agreed case, which the record shows to have been signed by the foregoing parties, as follows to wit:

"Whereupon the parties ask the court to fix a time to take such evidence as either or both sides may have to present hereunder, and to hear and determine the matter and render judgment as if actions were pending, and upon these facts to settle the case and render judgment as equity and the law may warrant, pending the determination of which it is agreed by the parties that matters remain *in statu quo* as to the property subject to levy under warrants issued and the proceedings under the tax warrants and under the

act, and that the court may issue an order restraining the defendants herein from executing the warrants herein named until the further order of this court, except that the company shall be authorized to prosecute in the usual manner the routine business of mining and selling coal." (See page 11 of the case-made.)

The following order, as made by the lower court, appears on page 27 of the case-made, to wit:

"And for good cause shown the plaintiffs are upon their motion allowed 90 days from this date in which to prepare and serve their case-made herein, and the defendants are allowed ten days thereafter to suggest amendments to said case-made, the same to be settled and signed on five days' notice by either party to the other after the expiration of 100 days from this date. And it is by the court ordered' that the temporary injunction heretofore granted in this case be continued in force pending the filing of said bond, and thereafter until the case-made and petition in error herein are filed in the Supreme Court of the state of Oklahoma, and the collection of the warrants involved in this litigation is hereby stayed during this time."

Obviously the parties to this proceeding, both the attorneys for the plaintiffs in error, and the Attorney General, the Assistant Attorney General, and the county attorney on the part of the state, stipulated as contended by the plaintiffs in error. The judgment of the lower court was stayed or superseded by the trial court until this proceeding in error was commenced in this court. Upon application of plaintiffs in error it is within the discretion of this court to supersede the judgment of the lower court, and as a rule such is done. Such relief being available to the plaintiffs in error by application for supersedeas and the entering into of a proper bond or undertaking for the payment of said taxes if the judgment should finally be adverse to the plaintiffs in error, the motion to modify is overruled.